# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD CARTER, | ) | |
|     Plaintiff, | ) | Civil Action No. 16-36E |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | |
| KATHLEEN KANE, | ) | |
| BRIAN COLEMAN, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.  The Clerk of Courts should be directed to file the original complaint, terminate all pending motions, and close this case.

### II.  REPORT

This civil rights action was filed in this Court on February 10, 2016.[1]

By Order dated February 18, 2016, this Court directed Plaintiff to pay the filing fee or seek leave to proceed in forma pauperis before March 1, 2016, or risk dismissal of this case for failure to prosecute.  ECF No. 2. Plaintiff did not comply.

By Order dated March 10, 2016, this Court directed Plaintiff to show cause for his failure to pay the filing fee or seek leave to proceed in forma pauperis.  The Order further directed Plaintiff to provide a USM285 form for each named Defendant in this action. The Order expressly warned that Plaintiff's failure to comply before March 24, 2016, would result in the dismissal of this action due to Plaintiff's failure to prosecute.  ECF No. 3.

---

[1] Along with the filing of this case, Plaintiff has filed six other cases in this Court.

On March 28, 2016, Plaintiff filed a motion seeking leave to proceed in forma pauperis. ECF No. 5. Plaintiff's motion did not contain the requisite institutional account statement. Plaintiff did not submit the required USM285 forms.

By Order dated May 17, 2016, Plaintiff was direct to file his institutional account statement in support of his motion for in forma pauperis status. ECF No. 11. Plaintiff was given until June 17, 2016, to do so. The Order warned that Plaintiff's failure to comply would result in the dismissal of this action for failure to prosecute.

As of today's date, Plaintiff has failed to file the necessary institutional account statement in support of his motion for in forma pauperis and he has failed to submit the required USM 285 forms.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is several months old, yet Plaintiff has not taken the initial steps in completing his motion for in forma pauperis status or in paying the required filing fee or

providing this Court with service forms for the U.S. Marshal Service.  Without Plaintiff's payment of the filing fee, this case cannot proceed.  Plaintiff has failed to comply with several orders of this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.  The Clerk of Courts should be directed to file the original complaint, terminate all pending motions, and close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Extensions of time will not be granted.  Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  July 18, 2016